UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CRYSTAL M. ENGLISH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00133 |
| | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Summary Judgment (D.E. 32). On January 30, 2026, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 75), recommending that Defendant's motion be granted in part and denied in part. Both Plaintiff and Defendant timely filed objections (D.E. 77, 80[1]) and Defendant filed a response to Plaintiff's objections (D.E. 84). Defendant also filed a motion to supplement the record with an inadvertently omitted exhibit that was described in, but not attached to, the Declaration of Emily Lopez. (D.E. 33-1, p. 3). D.E. 78. Plaintiff responded (D.E. 81) and the Magistrate Judge granted the supplementation. D.E. 83. Plaintiff then filed her own motion for leave to file a

---

[1] Defendant's objections (D.E. 80) are improperly docketed as a pending motion. The Court **INSTRUCTS** the Clerk of Court to **TERMINATE** the document as a motion and it will be fully considered as Defendant's objections.

supplemental objection. D.E. 82. The Court **GRANTS** the motion for leave (D.E. 82) and considers the supplemental objection, below.

### A. Plaintiff's Objections

Plaintiff's first and second objections are directed to the recommendation to dismiss the claims for retaliation. Plaintiff argues that the Magistrate Judge failed to find that Catherine Webb was both aware of Plaintiff's protected activity and participated in the decision to terminate her employment. D.E. 77, pp. 1-3. Plaintiff's objections are directed to the issue of causation, contending that Webb's recommendation of Plaintiff's termination on the same day that Plaintiff engaged in protected activity shows close temporal proximity and completes her prima facie case. *Id*. Defendant asserts that Webb's mere receipt of an email that is a protected activity is insufficient evidence of any causation and that it is insufficient to satisfy but-for causation, given extensive evidence of Plaintiff's poor work performance. D.E. 84, pp. 1-4.

The M&R correctly concludes that retaliatory causation was not evidenced by Webb being a recipient of an email thread, when uncontroverted evidence shows Defendant's multiple complaints regarding Plaintiff's work and attendance issues. In that regard, the M&R observes that, even if causation had been demonstrated, the claim for retaliation fails because Defendant established a legitimate nonretaliatory reason for Plaintiff's termination with a significant quantity of evidence addressing complaints regarding Plaintiff's work performance issues and prior counseling, discipline, and warnings. D.E. 75, p. 31. Plaintiff

had not demonstrated that those reasons are mere pretext. *Id*. And Plaintiff does not now object to that conclusion.

Consequently, the causation issue involving Webb's alleged knowledge of a protected activity is moot. The first and second objections are **OVERRULED** because Defendant demonstrated that Plaintiff was terminated for a legitimate, nonretaliatory reason, defeating the retaliation claims.

Third, Plaintiff objects to the recommendation to dismiss the claims for discrimination. In her objection, Plaintiff contends that circumstantial evidence constitutes direct evidence of Defendant's discriminatory intent. D.E. 77, pp. 4-5. The Court rejects this argument. Plaintiff has not demonstrated that the persons involved in the decision to terminate her held racially discriminatory animus toward her.

She also equates causation addressing a retaliation claim with discriminatory animus. D.E. 77, p. 4-5. The Court rejects this argument, as these are two different claims. And Plaintiff references a cat's paw theory in that Catherine Webb was involved in the decision to terminate. *Id*., p. 5. However, without evidence that Webb acted with racially discriminatory animus, her participation in the decision does not make it discriminatory.

Plaintiff has not objected to the M&R's conclusion that Plaintiff failed to show disparate treatment on the basis of race or that she was replaced by someone who was not of the same race as she. D.E. 75, p. 23. Moreover, she has not attempted to challenge the M&R's secondary conclusion that, even if she had demonstrated a prima facie case of race discrimination, she has not demonstrated that Defendant's legitimate, nondiscriminatory

basis for terminating her employment is pretextual. She does not address the multiple complaints regarding her work performance, tardiness, cell phone use, and absenteeism. Nor has she addressed the escalating warnings, reprimands, improvement plans, and suspensions she had already been given. Plaintiff's third objection is **OVERRULED**.

Plaintiff's fourth objection is that the M&R does not properly analyze her comparator evidence. D.E. 82, pp. 2-4 (citing her deposition, D.E. 74-1, pp. 84-85, 133; D.E. 74-2, pp. 67-78). Most of the cited testimony addresses the supervisory complaints made against Plaintiff. The only other employee identified in the testimony Plaintiff cites is Jane. An expanded search of the deposition indicates that Jane is Plaintiff's coworker, and Jane's misconduct was engaging in a sexual encounter in her office with a doctor (who was married to someone else). D.E. 74-1, p. 130. That is wholly unrelated to the complaints lodged against Plaintiff and does not make Jane a comparator. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (requiring strict comparator evidence: employees must have engaged in similar misconduct and share comparable roles, supervisors, and disciplinary histories without being terminated).

Therefore, there is no identification of any proper comparator, much less proof that the comparator is similarly situated and treated differently based on race. Plaintiff's complaints regarding unequal or improper application of the progressive discipline policy is therefore conclusory and is insufficient to find Defendant's reasons for Plaintiff's termination to be pretextual. Plaintiff's fourth objection is **OVERRULED**.

### B.    Defendant's Objections

Defendant's first objection is that the M&R credits Plaintiff's assertions even though they are not in admissible form because the Magistrate Judge anticipated that Plaintiff would testify to the same information. D.E. 80, p. 2. Defendant contends that this is contrary to Federal Rule of Civil Procedure 56(c). However, Rule 56(c)(2) states, "A party may object that the material cited to support or dispute a fact *cannot* be presented in a form that *would be* admissible in evidence." (emphasis added). Defendant's objection does not state that Plaintiff cannot testify consistent with her summary judgment assertions. Consequently, the Court may consider this material. *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017).

The evidence need only be capable of being presented in an admissible form at trial. *Id.*; *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). The Fifth Circuit has explained that "[t]his flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant." *Maurer*, 870 F.3d at 384. Defendant's first objection is **OVERRULED**.

Second, Defendant objects that the M&R found sufficient evidence to raise a disputed issue of material fact on Plaintiff's claim that the harassment she suffered from her coworkers was racially motivated. D.E. 80, pp. 3-5. Instead, Defendant would have the Court accept that, because much of the evidence was facially race-neutral, there is no basis for crediting Plaintiff's subjective interpretation of the remarks as racially harassing.

5 / 9

The summary judgment standard requires the Court to indulge inferences against the movant—in favor of Plaintiff here. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court does not weigh the credibility of the evidence but only determines if there is sufficient evidence on which a trier of fact could find in favor of the nonmovant. *Id.* The Court has reviewed the M&R analysis and agrees that there is sufficient evidence of a hostile work environment despite the ostensible race-neutral character of some of the conduct of which Plaintiff complains. Defendant's second objection is **OVERRULED**.

Third, Defendant objects that Plaintiff has not raised a disputed issue of material fact regarding whether the conduct she encountered was sufficiently severe or pervasive to alter the conditions of her employment. D.E. 80, pp. 5-8. In this regard, Defendant again argues that much of the complained-of conduct was facially race-neutral and that Plaintiff's assertions of frequency do not rise to the level of being pervasive. It argues that the clear racial epithet hurled at Plaintiff was too isolated to constitute pervasive conduct. And it contends that Plaintiff's subjective response and evidence of her emotional distress is insufficient to show an objectively hostile work environment and was more likely her response to legitimate criticism of her work performance.

Again, Defendant asks this Court to view incidents in isolation, weigh the evidence, or indulge inferences against Plaintiff—all contrary to the summary judgment standard of review. It also seeks to impose an artificial threshold under which harassing conduct is not actionable. While that line may be clear in other cases, it is not clear to this Court in this

6 / 9

case. The Court has reviewed the M&R's treatment of the evidence in this case and finds no error. Defendant's third objection is **OVERRULED**.

Fourth, Defendant objects, arguing that Plaintiff failed to demonstrate that Defendant knew or should have known of the harassment and failed to take prompt remedial action. D.E. 80, p. 8. While Defendant does show that it investigated and responded to some of Plaintiff's complaints, Plaintiff has also shown that her chain of supervisors did not investigate every complaint and that the response was not always remedial. She was advised to switch departments, change her voice and appearance, and to give as good as she got. *See* D.E. 75, pp. 4, 27-28. There is a disputed issue of material fact precluding summary judgment on this issue. Defendant's fourth objection is **OVERRULED**.

Fifth, Defendant objects that the alleged incidents were isolated and occurred months apart, such that Plaintiff should not be able to treat all of it as contributing to a continuous hostile work environment. D.E. 80, pp. 10-11.  The M&R states,

> In determining whether an actionable hostile work environment claim exists, the Court looks to "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Natl R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (quoting *Harris* [*v. Forklift Systems, Inc.,* 510 U.S. 17, 23 (1993)]).

7 / 9

D.E. 75, p. 26. Defendant argues that the M&R misapplies the *Morgan* standard and objects to aggregating "disconnected workplace disputes and isolated incidents occurring years apart into one continuing hostile environment." D.E. 80, p. 10.

Whether the incidents are properly aggregated is a quantitative and qualitative determination based on what the conduct was, where it occurred, how frequently that conduct or similar conduct occurred, and the response of the employer. Here, one employee engaged in daily hostility throughout most of Plaintiff's employment whereas others acted less frequently. Much of the conduct was allegedly open and witnessed, indicating that hostility toward Plaintiff was tolerated in the workplace. And some of it was openly hostile on the basis of race, even if it did take Plaintiff some time to understand the language's meaning. Under these circumstances, the M&R correctly considered the matter to be one for the trier of fact based on all of the evidence. The objection is **OVERRULED**.

**CONCLUSION**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as each party's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** all of the objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's Motion for Summary Judgment (D.E. 32) is **GRANTED IN PART** and the Court **DISMISSES** the claims for race discrimination and retaliation. The

motion is **DENIED IN PART** and the Court **RETAINS** the claim for a hostile work environment.

   **ORDERED** on March 6, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

9 / 9