United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CRYSTAL M. ENGLISH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00133 |
| | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff Crystal M. English's Motion for Reconsideration of Partial Summary Judgment (D.E. 87). On March 24, 2026, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court deny her motion. D.E. 88. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); Special Order No. C-2023-1. Plaintiff timely filed her objections on April 1, 2026. D.E. 91.

### STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the

proposed findings and recommendations. *Id.* As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

The Magistrate Judge concluded that Plaintiff's motion to reconsider simply rehashes her prior arguments, is conclusory in nature, and fails to raise a satisfactory reason to reconsider the prior decision. D.E. 88, p. 3. Plaintiff raises five objections to the M&R.

The Court begins with Plaintiff's final objection, wherein she argues that the Magistrate Judge erred in concluding that her motion for reconsideration merely restates prior arguments. D.E. 91, pp. 3-4. Plaintiff's motion for reconsideration and her subsequent objections rely on evidence and arguments that the Court has already considered and rejected. *See* D.E. 75, 85. Plaintiff raised the same arguments in her objections to the Magistrate Judge's memorandum and recommendation on Defendant's motion for summary judgment. *See* D.E. 77, 82. Thus, the Magistrate Judge correctly concluded that Plaintiff's motion rehashes arguments that have already been rejected. Therefore, the objection is **OVERRULED**, but the Court considers the substance of Plaintiff's other objections below.

In Plaintiff's first two objections, she argues that the prior rulings on Defendant's motion for summary judgment made improper credibility determinations and failed to analyze material evidence. D.E. 91, p. 2. While she lists several examples of specific evidence she claims the prior orders improperly weighed or failed to address, she does not

explain how this evidence contradicts the conclusions from the prior rulings. The Magistrate Judge correctly concluded that the Court's prior orders properly analyzed this evidence and did not make credibility determinations.

The Court previously concluded that Plaintiff failed to (1) present competent comparator evidence and (2) show that Defendant's legitimate basis for terminating her was pretextual. *See* D.E. 75, pp. 23-24; D.E. 85, pp. 3-4. Plaintiff's objections do not address the lack of a comparator. And her argument regarding competing evidence, particularly with respect to Defendant's alleged divergence from disciplinary policies and procedures does not address the underlying nondiscriminatory basis for her termination. Accordingly, the objections are **OVERRULED**.

In Plaintiff's third objection, she argues that the pretext standard has been misapplied. D.E. 91, p. 3. The Court's prior orders correctly set out and applied the burden-shifting framework for race discrimination claims. *See* D.E. 75, pp. 22-25. Plaintiff's evidence was insufficient to meet her burden to show that Defendant's proffered basis for terminating her was pretextual. The conclusory statements about this evidence in her objection do not alter this conclusion. Moreover, the objection does not address the Court's primary conclusion that Plaintiff failed to state a prima facie case for race discrimination. *Id.* For these reasons, the objection is **OVERRULED**.

In her fourth objection, Plaintiff contends that she presented evidence for a cat's paw theory of causation and the Court did not properly consider it. D.E. 91, pp. 3. The Court previously rejected this theory because Plaintiff failed to present evidence that

3 / 4

Catherine Webb acted with racially discriminatory animus, which is a required element for a cat's paw theory of causation. *See* D.E. 85, p. 3; *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020). Plaintiff's objection presents no reason to question that conclusion. The objection is **OVERRULED**.

### CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 88). Accordingly, Plaintiff's motion for reconsideration (D.E. 87) is **DENIED**.

**ORDERED** on May 14, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE